Youssef H. Hammoud (SBN: 321934)
L. Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Ruby Candler*

# UNITED STATES DISTRICT COURT
# IN THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY CANDLER,<br><br>                    Plaintiff,<br><br>        v.<br><br>ATLANTICUS HOLDINGS CORPORATION; and THE BANK OF MISSOURI,<br><br>                    Defendants. | Case No.: 2:21-cv-03589<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2. CAL. CIV. CODE § 1788 *et seq.*; and<br>3. Intrusion Upon Seclusion |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Ruby Candler ("Plaintiff" or "Ms. Candler"), by and through her attorneys, alleges the following against Atlanticus Holdings Corporation ("AHC") and The Bank of Missouri ("BOM"), (collectively "Defendants"):

- 1 -
COMPLAINT AND DEMAND FOR JURY TRIAL

# INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

# JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq.* and 28 U.S.C. 1331.

5. Supplemental Jurisdiction of this court arises under 28 U.S.C. § 1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the US Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in California.

8. Plaintiff is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

9. Defendants are "debt collector(s)" as defined by Cal. Civ. Code §1788.2(c).

10. Defendants are attempting to collect on a "consumer debt" as defined by Cal. Civ. Code §1788.2(f).

11. Defendant BOM is a debt collector with its principal place of business headquartered in Perryville, MO. Defendant can be served at its principal place of business located at 916 North Kingshighway, Perryville, MO 63775.

12. Defendant AHC is a debt collector with its principal place of business headquartered in Atlanta, GA. Defendant can be served through its agent for service

of process, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

13. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Defendants are attempting to collect an alleged debt from Plaintiff.

15. In or around May 2020, in an attempt to collect on an alleged consumer account, Defendants began contacting Plaintiff on her cellular phone number ending in 4929.

16. On or about May 11, 2020 at approximately 12:56 p.m., Plaintiff answered a call from Defendants on her cell phone number. The representative indicated that Defendant was attempting to collect a debt.

17. Plaintiff informed the representative that she could not make a payment, that she worked for the school district and was not currently working because of COVID-19.

18. Further, Plaintiff informed the representative that she had no idea when she would be going back to work, that she wanted to be contacted in writing only and when she could make a payment, she would call Defendants.

19. Despite explaining her situation and revoking consent to be contacted

on her cell phone, Defendants continued its assault of harassing automated debt collection calls to Plaintiff's cellular phone.

20. On at least one other occasion, Plaintiff again answered a call from Defendants and spoke to a representative.

21. Plaintiff, for the second time, informed the representative that she was unable to make a payment, that she worked for the school district and was currently out of work due to COVID-19.

22. Plaintiff informed the representative that she didn't know when she was going back to work, that she wanted to be contacted in writing only and when she went back to work and was able to make a payment, she would call Defendants.

23. Despite this second conversation, Defendants continued their harassing automatic telephone dialing campaign against Plaintiff.

24. Between May 11, 2020 and November 01, 2020, Defendant called Plaintiff on her cellular phone approximately two hundred (200) times.

25. On an almost daily basis, Defendants would call Plaintiff multiple times in a single day.

26. Upon information and belief, each time Defendants called, there was a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

27. Defendants often called Plaintiff multiple times in the same day, indicating the use of a random or sequential number generator to: a) determine the order in which to select phone numbers to be dialed from a preproduced list; and b) store and dial those numbers at a later time when Plaintiff did not answer.

28. Upon information and belief, Defendants also called and texted, or attempted to call and text friends and family of Plaintiff, with the intention that they would communicate to Plaintiff that Defendants was attempting to collect a debt from her, causing Plaintiff additional embarrassment and distress.

29. Upon information and belief, Defendants called Plaintiff and delivered prerecorded or artificial voice messages.

30. Upon information and belief, the phone system used by Defendants places more calls than there are collection representatives available, resulting in more calls made to Plaintiff.

31. Upon information and belief, use of the automated telephone dialing system by Defendants allowed Defendants to call Plaintiff more times than it otherwise would have been able to had it dialed manually, increasing the harassing nature of the calls.

32. Upon information and belief, Defendants' phone system is capable of placing tens of thousands of automated phone calls a day.

- 6 -
COMPLAINT AND DEMAND FOR JURY TRIAL

33. Upon information and belief, Defendants' representatives did not review Plaintiff's account notes and/or file prior to initiating the collection calls to her cell phone and home phone.

34. The phone system utilized by Defendants, in conjunction with Defendants' policies and procedures regarding collection on accounts were aimed at causing Plaintiff such distress and annoyance that she would make a payment, despite knowing she was not able to.

35. Defendants' conduct was done willfully and knowingly.

36. Defendants were aware that Plaintiff had revoked consent to be called, and despite this, Defendants continued to place automated debt collection calls to Plaintiff's cell phone and home phone.

37. Defendants were aware that Plaintiff was unable to make a payment because of the impact COVID-19 has had on her and her work, and despite this, continued to place automated debt collection calls to Plaintiff's cell phone.

38. Defendants' calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

39. Defendants would place a call to Plaintiff's cell phone within short periods of time of one another in an attempt to harass Plaintiff to answer the phone and make a payment.

40. Defendants' caused Plaintiff's cell phone to ring repeatedly or continuously with the intention to annoy, abuse, or harass her.

41. The conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

42. Further, the conduct was done with such frequency so as to harass Plaintiff and cause her great annoyance.

43. Plaintiff attempted to explain her situation and request that Defendant contact her in writing only in an attempt to get the calls to stop, however, Defendant continued to lay siege on Plaintiff's cell phone.

44. Defendants' intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person and far exceeded reasonable collection efforts. Defendants' conduct was especially unreasonable because it called relentlessly shortly after Plaintiff had explained she was not able to make a payment, was dealing with personal issues and wanted to be contacted in writing.

45. Defendants acted maliciously and subjected Plaintiff to oppression.

46. Due to Defendants' actions, Plaintiff has suffered from immense emotional and mental pain and anguish, including but not limited to, stress, anxiety, headaches, sleepless nights, embarrassment and humiliation.

///

///

# COUNT I
# ALL DEFENDANTS
### (Violations of the TCPA, 47 U.S.C. § 227)

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

  a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

  b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

49. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## ALL DEFENDANTS
### (Violations of CAL. CIV. CODE § 1788 *et seq.*)

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Defendants violated the RFDCPA. Defendants' violations include, but are not limited to, the following:

   a. Defendants violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendants violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

i. Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

ii. Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

iii. Defendants violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt;

52. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

53. Defendants were aware of Plaintiff's financial issues, that she could not make a payment, and that she requested to be contacted in writing only on more than one occasion. Despite this, Defendants continued to call Plaintiff on her cell phone in an attempt to harass her to pay a debt they knew she could not.

54. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

///

# COUNT III
# ALL DEFENDANTS
# (Intrusion Upon Seclusion)

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or her private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

57. Defendants violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendants intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff's request for the calls to cease.

   b. The number and frequency of the telephone calls to Plaintiff by Defendants after Plaintiff's explanation of her financial situation and her request for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

   c. Defendants' conduct would be highly offensive to a reasonable person

as Plaintiff received calls that often-interrupted Plaintiff's work.

  d. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

58. As a result of Defendants violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Ruby Candler, respectfully requests judgment be entered against Defendants Atlanticus Holdings Corporation and The Bank of Missouri, for the following:

  A. Statutory damages against Defendants pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

  B. Declaratory judgment that Defendants violated the RFDCPA;

  C. Statutory damages against Defendants pursuant to Cal. Civ. Code §1788.30(b);

  D. Actual damages against Defendants pursuant to Cal. Civ. Code §1788.30;

  E. Costs and reasonable attorneys' fees against Defendants pursuant to Cal. Civ. Code §1788.30(c);

F.     Punitive damages against Defendants to be determined at trial, for the sake of example and punishing Defendant for its malicious conduct, pursuant to Cal. Civ. Code § 3294;

G.     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H.     Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 27th day of April 2021.

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Ruby Candler*